IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JAMIE L. MILLER, | * | |
| Plaintiff, | * | |
| v. | * | CIVIL NO. JKB-21-3206 |
| NANCY M. PURPURA, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

### MEMORANDUM AND ORDER

Plaintiff Jamie Miller brings this action under 42 U.S.C. § 1983 against Associate Judge Nancy M. Purpura of the Baltimore County Circuit Court in her individual and official capacities. (*See* Compl., ECF No. 1.) Miller alleges that Judge Purpura violated her rights when Judge Purpura ruled against her on various occasions during the pendency of her custody case and asks the Court to issue a declaratory judgment stating so. (*Id.* at 5; *see* ECF No. 1-1); *see also Miller v. Miller*, Case No. C-03-FM-20-002053 (Cir. Ct. Balt. Cnty. filed June 1, 2020). Judge Purpura filed a Motion to Dismiss, which is now ripe. (*See* Mot. Dismiss, ECF No. 4.) No hearing is required for the Motion's disposition. Local Rule 105.6 (2021). For the reasons that follow, the Court will grant Judge Purpura's Motion to Dismiss.

Miller previously filed suit in this Court seeking "monetary damages and injunctive relief" for the same alleged violations of 42 U.S.C. § 1983 at issue in this case. *See Miller v. Purpura*, Civ. No. CCB-21-2729 (D. Md. filed Oct. 25, 2021). Judge Blake dismissed Miller's complaint *sua sponte*, finding that judicial immunity barred Miller's damages claim and that the "court ha[d] no authority to issue a writ of mandamus requiring any action on the part of Maryland state courts."

1

*Miller v. Purpura*, Civ. No. CCB-21-2729, slip op. at 3 (D. Md. Nov. 22, 2021). Miller filed her Complaint in this case less than one month later, this time seeking declaratory relief only and including a 32-page supplement describing the factual underpinnings of her legal claim. *See Miller v. Purpura*, Civ. No. JKB-21-3206 (D. Md. filed Dec. 17, 2021); (*see also* ECF No. 1-1 ("Facts of Claim").)

The present case is likewise barred by judicial immunity. "The doctrine of judicial immunity shields judges from monetary claims against them in both their official and individual capacities." *Cochran v. Mahoney*, Civ. No. JKB-21-2323, 2021 WL 4503065, at *1 (D. Md. Sept. 29, 2021) (citing *Mireles v. Waco*, 502 U.S. 9, 9–10 (1991) (per curiam)); *see also Westfall v. Tichnell*, Civ. No. GJH-20-0271, 2021 WL 2434432, at *3 (D. Md. June 15, 2021) (same); *Edwards v. Wilkinson*, 233 F. Supp. 2d 34, 37 (D.D.C. 2002) ("[S]o long as the act involves a judicial function, immunity applies regardless of whether the plaintiff is suing the judge in her individual or official capacity."). "'Judges are absolutely immune from suit for a deprivation of civil rights' [under 42 U.S.C. § 1983] for actions taken within their jurisdiction." *Foster v. Fisher*, 694 F. App'x 887, 888 (4th Cir. 2017) (per curiam) (alteration omitted) (citing *King v. Myers*, 973 F.2d 354, 356 (4th Cir. 1992)). Judicial immunity will apply so long as the challenged action was "judicial" in nature and was not "undertaken in the 'clear absence of all jurisdiction.'" *King*, 973 F.2d at 356–57 (citing *Stump v. Sparkman*, 435 U.S. 349, 357, 360–62 (1978)). Each of the grievances Miller brings against Judge Purpura are about squarely "judicial acts." (*See, e.g.*, ECF No. 1-1 ¶ 14 (moving trial to earlier date), ¶¶ 17–21, 25, 35 (alleging Judge Purpura's bias against Miller as a result of information gained in the course of presiding over the case), ¶ 22 (denying Miller expert fees), ¶ 26, (evidentiary ruling), ¶ 38 (delay in granting attorney's fees).) Further, Miller has not alleged facts suggesting that Judge Purpura acted in the "clear absence of all

2

jurisdiction." *Cf.* Md. Code Ann., Fam. Law §§ 9.5-201–9.5-210 (outlining jurisdictional requirements for child custody proceedings in Maryland state courts).

Although generally "judicial immunity does not apply to claims for equitable relief," *Foster*, 694 F. App'x at 889, the Court concludes that the retrospective nature of Miller's sought declaratory relief makes application of judicial immunity proper. *Cf.* 42 U.S.C. § 1983 ("[I]n any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable."). "[A] complaint seeking a declaration of past wrongdoing by a judge, in contrast to one seeking to halt a present or ongoing violation of federal law, is not a claim for prospective injunctive relief, but rather is retrospective in nature; such a complaint is barred by absolute judicial immunity." *Black v. West Virginia*, Civ. No. 19-0561, 2019 WL 4866216, at *6 (S.D.W. Va. Sept. 11, 2019); *see Jenkins v. Kerry*, 928 F. Supp. 2d 122, 135 (D.D.C. 2013) ("[I]t is well established that judicial immunity bars claims . . . for retrospective declaratory relief of a violation of federal law."); *Klayman v. Rao*, Civ. No. CRC-21-2473, 2021 WL 4948025, at *3 (D.D.C. Oct. 25, 2021) (same); *see also Green v. Mansour*, 474 U.S. 64, 73 (1985) (concluding that issuing a declaratory judgment against state social services agency was improper where "there [was] no claimed continuing violation of federal law," and because there was "a dispute about the lawfulness of [the agency's] past actions," a declaratory judgment "would have much the same effect as a full-fledged award of damages or restitution"). Miller's request is best characterized as a backwards-looking declaration of Judge Purpura's wrongdoing. (See Compl. at 5 (asking the Court "to declare that [her] constitutional rights were violated").) Because Judge Purpura's challenged actions are judicial in nature, there are no facts alleged that lead the

Court to conclude that Judge Purpura acted in clear absence of jurisdiction, and Miller seeks retrospective declaratory relief, judicial immunity properly applies in this case.

Even if judicial immunity did not apply to actions seeking retrospective declaratory judgments, the Court would exercise its discretion under the Declaratory Judgment Act and decline to hear this case. *See* 28 U.S.C. § 2201(a) ("In a case of actual controversy within its jurisdiction . . . any court of the United States . . . *may* declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.") (emphasis added). "When a § 2201 action is filed in federal court while a parallel state case is pending," as is the case here, (*see* ECF No. 4-3 (Notice of Appeal)), "federal courts weigh considerations of federalism, efficiency, and comity to choose whether to retain jurisdiction over the case." *Med. Mut. Ins. Co. of N.C. v. Littaua*, 35 F.4th 205, 208 (4th Cir. 2022). Courts must consider

> (1) whether the state has a strong interest in having the issues decided in its courts; (2) whether the state courts could resolve the issues more efficiently than the federal courts; (3) whether the presence of "overlapping issues of fact or law" might create unnecessary "entanglement" between the state and federal courts; and (4) whether the federal action is mere "procedural fencing," in the sense that the action is merely the product of forum-shopping.

*Id.* (citing *New Wellington Fin. Corp. v. Flagship Resort Dev. Corp.*, 416 F.3d 290, 297 (4th Cir. 2005)). The Court concludes that Maryland's strong interest in overseeing the litigation of family law matters it its courts, efficiency, and federalism considerations all weigh against exercising its jurisdiction in this case under the Declaratory Judgment Act. Further, because Miller's sought declaration would not "serve a useful purpose in clarifying and settling the legal relations in issue" and would not "terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding[,]" the Court would not issue a declaratory judgment under § 2201(a). *Aetna Cas. & Sur. Co. v. Ind.-Com Elec. Co.*, 139 F.3d 419, 422 (4th Cir. 1998).

Even in light of the liberal construction the Court must afford all complaints filed by *pro se* plaintiffs, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), Miller's Complaint is barred by judicial immunity.[1]  For the foregoing reasons, Judge Purpura's Motion to Dismiss (ECF No. 4) is GRANTED.

DATED this 3 day of August, 2022.

BY THE COURT:

/s/ James K. Bredar

James K. Bredar
Chief Judge

---

[1] To the extent that Miller seeks direct review of Judge Purpura's rulings in her state custody case, the Court lacks jurisdiction to do so.  In general, federal district courts do not have appellate jurisdiction over final state court judgments. *See Hulsey v. Cisa*, 947 F.3d 246, 250 (4th Cir. 2020) ("[T]he [*Rooker-Feldman*] doctrine . . . precludes federal district courts from exercising what would be, in substance, appellate jurisdiction over final state-court judgments.").  And as already explained by Judge Blake, injunctive and monetary relief from this Court are also unavailable. *Miller v. Purpura*, Civ. No. CCB-21-2729, slip op. at 3 (D. Md. Nov. 22, 2021).